UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LESTER L. WASHINGTON

CIVIL ACTION

VERSUS

NO. 07-451-JJB-DLD

REGGIE WEAVER, ET AL.

**RULING ON MOTION FOR NEW TRIAL**

This matter is before the court on a Motion for New Trial[1] (doc. 46) filed by Lester Washington.

The Plaintiff alleges that this court did not "liberally construct" his petition and dismissed his action due to "bias, personal gains (financial and otherwise), etc."[2] Although courts are directed to liberally construe pro se petitions, this does not permit Plaintiffs to cast baseless assertions against the judiciary. The Fifth Circuit has explained:

> Neither the modern view of civil pleading nor the liberal pro se practice of this court has done away with the time honored notion that the law and the courts of the United States are important parts of American society worthy of respect. This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical

---

[1] Mr. Washington has titled his motion "Motion 1: For Chief Judge of the USDC Middle District of Louisiana to Reconsider the Facts, Exhibits, Time Dated Materials, and Actions of Judges Brady and Dalby in this case and Reverse the Order to Dismiss, Judgment, and Related Memos to Dismiss: They Opposed the Actions and Were Not Neutral Parties in the Dismissal." *See* doc. 46. In essence, Mr. Washington is asking the court to reconsider its ruling and to reverse the judgment entered against him. As such, this court will treat the present filing as a timely motion for new trial under Fed. R. Civ. Pro. 59.

[2] Doc. 46 at 4, 17.

1

requirements of a past age; it is not a sword with which to insult a trial judge.

*Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978) (dismissing an appeal in which the appellant repeatedly called the district judge a "liar"). This court rejects the baseless allegations contained in the Plaintiff's motion for new trial, and it denounces any notion that bias, prejudice, or financial gain played any part in its ruling.

The purpose of a motion for new trial is to correct manifest errors of law or fact or to allow the presentation of newly discovered evidence. *See* Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion for new trial is not a vehicle for rehashing evidence, legal theories, or arguments that could have been presented earlier. *Id*. In his motion for new trial, the Plaintiff has merely restated his previous claims and arguments. The Plaintiff has failed to allege sufficient facts to support a claim for relief under the law.

Accordingly, Mr. Washington's Motion for New Trial (doc. 46) is hereby **DENIED**. This court finds Mr. Washington's voluminous filings to be multiplicitous and vexatious, and the court cautions Mr. Washington that continued assertion of

frivilous claims shall result in the imposition of sanctions from this court. *See* Fed. R. Civ. Pro. Rule 11; 28 U.S.C. § 1927; and *Battle v. U.S.*, 2008 WL 345526 (5th Cir. 2/8/2008).

    Baton Rouge, Louisiana, April 7, 2008.

                                            JAMES J. BRADY, JUDGE
                                            MIDDLE DISTRICT OF LOUISIANA